

**SO ORDERED.**

**SIGNED this 13 day of January, 2011.**

_Dale L. Somers_
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>**Ronald Vincent Hrabe and Raina Lynn Hrabe**,<br><br>Debtors. | Case No. 09-40565<br><br>Chapter 12 |

**ORDER AMENDING AND CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 12 PLAN OF REORGANIZATION DATED AUGUST 27, 2010**

NOW, the issues raised by the filings of the following pleadings, documents, statements, schedules, and plans come before the Court for hearing on December 2, 2010:

(A)    *First Amended Chapter 12 Plan of Reorganization Dated August 27, 2010*, PACER Document No. 426, (herein referred to as the "***First Amended Plan***");

(B)    *Objection to Confirmation of Debtors' First Amended Chapter 12 Plan of Reorganization*, PACER Document No. 439, (herein referred to as "***Levin Farms' Objections to the First Amended Plan***"); and,

(C)    *Trustee's Objection to Confirmation of Debtors' First Amended Chapter 12 Plan of Reorganization Dated August 27, 2010*, PACER Document No. 440, (herein referred to as the "***Trustee's Objections to the First Amended Plan***").

The Debtors appear in person and by and through their attorney, David R. Klaassen; and,

United States Bankruptcy Court for the District of Kansas
*Ronald Vincent Hrabe and Raina Lynn Hrabe, Debtors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Case No. 09-40565-12*
**ORDER AMENDING AND CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 12 PLAN OF REORGANIZATION DATED AUGUST 27, 2010**
Page 2

Eric C. Rajala, the Chapter 12 Trustee appeared in person. There are no other appearances. [While Wesley F. Smith, of Stevens & Brand, LLP, the attorney for Levin Farms, Inc., (herein referred to as "***Levin Farms***"), and Barry R. Grissom, United States Attorney for the District of Kansas, by and through Tanya Sue Wilson, Assistant United States Attorney for the District of Kansas, by and on behalf of the Internal Revenue Service, (herein referred to as the "***IRS***"), did not appear at the hearing on December 2, 2010, Mr. Smith and Ms. Wilson have reviewed and approved this order.]

WHEREUPON, the Court, after hearing the statements and arguments of counsel, after hearing the testimony of the Debtors, and after reviewing the Court's files herein, finds as follows:

1.      Unless otherwise specifically provided in this order or in any attachments to this order, any terms defined in the *First Amended Plan* shall have the same meanings when used in this order and in any attachments to this order.

2.      The Debtors commenced this bankruptcy case by filing a joint voluntary petition herein on April 16, 2009.

3.      On August 30, 2010, the Debtors timely filed herein the *First Amended Plan*.

4.      Proper notice of the filing of the *First Amended Plan*, of the deadline for filing any objections to confirmation of the *First Amended Plan*, and of the hearing on the confirmation of the *First Amended Plan*, was submitted to all creditors and parties in interest in accordance with applicable bankruptcy law.

5.      On September 17, 2010, Levin Farms timely filed herein *Levin Farms' Objections to the First Amended Plan*.

6.      On September 20, 2010, the Trustee timely filed herein the *Trustee's Objections to*

United States Bankruptcy Court for the District of Kansas
*Ronald Vincent Hrabe and Raina Lynn Hrabe, Debtors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Case No. 09-40565-12*
**ORDER AMENDING AND CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 12 PLAN OF REORGANIZATION DATED AUGUST 27, 2010**
Page 3

*the First Amended Plan.*

7.    The main focus of the objections raised by *Levin Farms' Objections to the First Amended Plan* and by the *Trustee's Objections to the First Amended Plan* concern the feasibility of the *First Amended Plan* in light of the balloon payment of over $400,000.00 proposed in Class 15 of the *First Amended Plan* to be made by the Debtors to the general unsecured creditors at the end of the Plan Period.

8.    On November 30, 2010, the Debtors filed herein the *Affidavit of Vance Westhusin* at PACER Document No. 458.

9.    In the *Affidavit of Vance Westhusin*, Mr. Westhusin, on behalf of Midland Marketing Co-op, Inc., (herein referred to as "***Midland Marketing***"), a general unsecured creditor of the Debtors holding about 64% of the total unsecured claims included in Class 15, makes the following statement under oath:

> "Affiant is making this affidavit for the specific purpose of representing to the Bankruptcy Court, to Levin Farms, Inc., and to the Chapter 12 Trustee that, in the event the Hrabes are unable to pay or refinance with someone else the balloon payment provided for in Class 15 of the *Debtors' Plan* which is to be made at the end of the Plan Period, Midland Marketing will and hereby agrees to refinance that portion of such balloon payment which constitutes the remaining claims in favor of Midland Marketing which were included in said Class 15 such that the remaining claims in favor of Midland Marketing can be paid by the Hrabes to Midland Marketing after the expiration of the Plan Period and after the closing of Bankruptcy Case No. 09-40565."

10.    Based upon the *Affidavit of Vance Westhusin*, Levin Farms has indicated to the Debtors' counsel that Levin Farms is willing to withdraw *Levin Farms' Objections to the First Amended Plan.*

United States Bankruptcy Court for the District of Kansas
*Ronald Vincent Hrabe and Raina Lynn Hrabe, Debtors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Case No. 09-40565-12*
**ORDER AMENDING AND CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 12 PLAN OF REORGANIZATION DATED AUGUST 27, 2010**
Page 4

11.     In addition, the Court finds that based upon the *Affidavit of Vance Westhusin*, the *Trustee's Objections to the First Amended Plan* should be and is hereby denied.

12.     The Debtors then announce to the Court that the Debtors made an error in preparing the *First Amended Plan* by mistakenly excluding Class 3 which should have contained the priority claims in favor of the IRS.  In order to correct such error, the *First Amended Plan* should be and is hereby amended to include Class 3 as set forth in Exhibit "A" attached to this order which is incorporated herein by this reference.

13.     The *First Amended Plan*, as amended by this order, should be confirmed.

14.     The Debtors are eligible for relief under Chapter 12 of the Bankruptcy Code.

15.     The *First Amended Plan*, as amended by this order, complies with the provisions of Chapter 12 of the Bankruptcy Code and all other applicable provisions of Title 11 of the United States Code.

16.     Any fee, charge, or amount required to be paid before confirmation under Chapter 123 of Title 28 or by the *First Amended Plan*, as amended by this order, has been paid.

17.     The *First Amended Plan*, as amended by this order, has been proposed in good faith and not by any means forbidden by law.

18.     The value, as of the effective date of the *First Amended Plan*, as amended by this order, of property to be distributed thereunder on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors was liquidated under Chapter 7 of the Bankruptcy Code on such date.

19.     With respect to each of the allowed secured claims provided for by the *First Amended*

*Plan*, as amended by this order:

(a)     The holder of such claim has accepted the *First Amended Plan*, as amended by this order; or,

(b)     (i)     The *First Amended Plan*, as amended by this order, provides that the holder of such claim retain the liens securing such claim; and,

(ii)     The value, as of the effective date of the *First Amended Plan*, as amended by this order, of property to be distributed by the Trustee or the Debtors under the *First Amended Plan*, as amended by this order, on account of such claim is not less than the allowed amount of such claim; or,

(c)     The *First Amended Plan*, as amended by this order, provides that the Debtors will surrender the property securing such claim to such holder.

20.     The Debtors will be able to make all payments under the *First Amended Plan*, as amended by this order, and to comply with the *First Amended Plan*, as amended by this order.

21.     The Debtors have appeared before the Court and have given personal testimony satisfactory to the Court concerning the following:

(a)     The Debtors know and understand the terms and conditions of the *First Amended Plan*, as amended by this order; and,

(b)     The Debtors desire and have requested that the Court enter this order confirming the *First Amended Plan*, as amended by this order.

THEREFORE, IT IS HEREBY CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT as follows:

(A)     The findings of this Court hereinbefore set forth are incorporated herein as a part of this order of the Court.

(B)     *Levin Farms' Objections to the First Amended Plan* are hereby deemed to be withdrawn.

(C)     The *Trustee's Objections to the First Amended Plan* are hereby denied.

(D)     The *First Amended Plan* is hereby deemed to be amended by adding a Class 3 in the form set forth in Exhibit "A" which is attached to this order.

(E)     That the *First Amended Plan*, as amended by this order, be and it is hereby confirmed.

(F)     That payments received by the Trustee shall be applied in accordance with the provisions of the *First Amended Plan*, as amended by this order.

(G)     That confirmation shall bind the Debtors and each creditor, whether or not such creditor is provided for in the *First Amended Plan*, as amended by this order.

(H)     That except as provided in the *First Amended Plan*, as amended by this order, all property of the estate is vested in the Debtors, free and clear of all claims or interests of any creditors.

(I)     Upon completion by the Debtors of all payments under the *First Amended Plan*, as amended by this order, other than payments to holders of allowed claims provided for under 11 U.S.C. §1222(b)(5) or 11 U.S.C. §1222(b)(9), the Trustee shall file his final report and a final accounting of administration under 11 U.S.C. §1202, and the Court shall grant the Debtors a discharge from all debts except those provided for under 11 U.S.C. §1222(b)(5), 11 U.S.C.

United States Bankruptcy Court for the District of Kansas
*Ronald Vincent Hrabe and Raina Lynn Hrabe, Debtors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Case No. 09-40565-12*
**ORDER AMENDING AND CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 12 PLAN OF REORGANIZATION DATED AUGUST 27, 2010**
Page 7

§1222(b)(9), 11 U.S.C. §523, or as provided for in any agreement executed between the Debtors and any third party after commencement of this case.

(J)      In the absence of the Debtors designating in any payment to the Trustee the intended recipient of the net proceeds, (after subtraction of the statutory Trustee's fees), the Trustee, in his discretion, may apply the net proceeds from the cash payments received to the oldest outstanding payment due any allowed creditor or claim under the *First Amended Plan*, as amended by this order. In the event that the Debtors shall make any partial payments to the Trustee, the Trustee may apply the net proceeds, after subtraction of the statutory Trustee's fees, to any such creditor.

(K)      All payments to creditors to be made under the *First Amended Plan*, as amended by this order, shall be made in accordance with the provisions of the *First Amended Plan*, as amended by this order, and all payments made by the Debtors to the Trustee shall be disbursed by the Trustee to the creditors under the provisions of 11 U.S.C. §1222 and 11U.S.C. §1226(c).  In the event that the Debtors shall make payments to the creditors in contravention of this order, the Trustee shall be entitled to compensation under the provisions of 28 U.S.C. §586(e)(1), as determined by the payments to be made under the *First Amended Plan*, as amended by this order.

(L)      Pursuant to 11 U.S.C. §1203 and Rule 2015(a)(6) of the Rules of Bankruptcy Procedure, the Debtors will file or provide such reports as the Trustee and creditors may reasonably request.

(M)      This order may be modified only pursuant to the provisions of 11 U.S.C.§1229.

IT IS SO ORDERED.

# # #

APPROVED AND AGREED TO BY:

Ronald Vincent Hrabe, Debtor

Raina Lynn Hrabe, Debtor

SUBMITTED AND APPROVED BY:

**s/ David R. Klaassen**
David R. Klaassen
Kansas Supreme Court #11738
Attorney at Law
2649 6th Avenue
Marquette, Kansas 67464
Ph:    (785) 546-2358
Fx:    (785) 546-2528
drklaassen@ks-usa.net
Attorney for the Debtors

APPROVED BY:


**s/ Wesley F. Smith**
Wesley F. Smith
Kansas Supreme Court #18517
Stevens & Brand, LLP
900 Massachusetts, Suite 500
P.O. Box 189
Lawrence, Kansas 66044
Ph:      (785) 843-0811
Fx:      (785) 843-0341
WSmith@StevensBrand.com
Attorney for Levin Farms, Inc.



APPROVED BY:


BARRY R. GRISSOM
United States Attorney


**s/ Tanya Sue Wilson**
Tanya Sue Wilson
Kansas Supreme Court #11116
Office of United States Attorney
290 US Courthouse
444 SE Quincy
Topeka, KS 66683-3592
Ph:      (785) 295-2850
Fx:      (785) 295-2853
tanya.wilson@usdoj.gov
Attorney for the Internal Revenue Service

APPROVED BY:

**s/ Eric C. Rajala**

Eric C. Rajala

Kansas Supreme Court #10082

Metcalf Bank Building

11900 College Blvd., Suite 341

Overland Park, Kansas 66210

Ph:      (913) 339-9806

Fx:      (913) 339-6695

courtfilings@ericrajala.com

Chapter 12 Standing Trustee

| Class 3 | Exhibit "D" [when referred to as an attachment to the Plan] | Exhibit "A" [when referred to as an attachment to the Confirmation Order] |
|---|---|---|
| **NAME AND ADDRESS OF THE CREDITOR HOLDING CLAIMS INCLUDED IN THIS CLASS** | | Internal Revenue Service, Centralized Insolvency, P.O. Box 2116, Philadelphia, PA 19114 |
| **TOTAL AMOUNT OF ALL CLAIMS INCLUDED IN THIS CLASS** | | The Claims included in this Class are unsecured Priority Claims. |
| | | Total of Claims included in this Class . . . . . . . . . . . . . . . . . . . . . . . . $ 1,789.82 |
| **TERMS OF PAYMENT** | | |
| | **Effective Interest Rate** | *See* "Class 3 Payment Schedule" attached hereto. Such interest rate shall be fixed and non-variable and shall commence to accrue as set forth in "Class 3 Payment Schedule" attached hereto. |
| | **Length Of Payment Period** | *See* "Class 3 Payment Schedule" attached hereto, subject to the grace period hereinafter set forth. |
| | **Frequency Of Installments** | *See* "Class 3 Payment Schedule" attached hereto, subject to the grace period hereinafter set forth. |
| | **Dates And Amounts Of Installments** | *See* "Class 3 Payment Schedule" attached hereto: PROVIDED that there shall be a grace period of 30 days with regard to each payment scheduled therein before such payment shall be deemed to be in default. |
| | **Other Terms And Conditions** | *See* the terms and conditions specifically set forth in Article VIII of this Plan. |
| **TRUSTEE PROVISIONS** | | During the Plan Period: (a) the Debtors shall make all payments on the Claims included in this Class to the Trustee; and, (b) the Trustee's Percentage Fee shall be paid by the Debtors to the Trustee on each and every payment made on Claims included in this Class at the time such payments are made. |

## Class 3 Payment Schedule

Compound Period ......: Annual

Nominal Annual Rate ..: 4.500 %
Effective Annual Rate .: 4.500 %
Periodic Rate ...............: 4.5000 %
Daily Rate ...................: 0.01233%

### CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|-------|-----------|--------|--------|--------|----------|
| 1 Loan | 04/16/2009 | 1,789.82 | 1 | | |
| 2 Payment | 06/30/2011 | 429.99 | 5 | Annual | 06/30/2015 |

### AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| Loan 04/16/2009 | | | | 1,789.82 |
| 2009  Totals | 0.00 | 0.00 | 0.00 | |
| 1 06/30/2011 | 429.99 | 182.78 | 247.21 | 1,542.61 |
| 2011  Totals | 429.99 | 182.78 | 247.21 | |
| 2 06/30/2012 | 429.99 | 69.42 | 360.57 | 1,182.04 |
| 2012  Totals | 429.99 | 69.42 | 360.57 | |
| 3 06/30/2013 | 429.99 | 53.19 | 376.80 | 805.24 |
| 2013  Totals | 429.99 | 53.19 | 376.80 | |
| 4 06/30/2014 | 429.99 | 36.24 | 393.75 | 411.49 |
| 2014  Totals | 429.99 | 36.24 | 393.75 | |
| 5 06/30/2015 | 429.99 | 18.50 | 411.49 | 0.00 |
| 2015  Totals | 429.99 | 18.50 | 411.49 | |
| Grand Totals | 2,149.95 | 360.13 | 1,789.82 | |

*EXHIBIT "A"*